IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIA ANGELINA CRUZ,

        Plaintiff,

vs.                                      No. CIV 03-952 RB/LAM

TENET HOSPITALS LIMITED d/b/a
SIERRA MEDICAL CENTER, a Texas
Limited Partnership; and
CHARLES CHANG, M.D.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Doc. 4 & 5), filed September 15, 2003 and September 19, 2003, respectively. Jurisdiction arises over the Complaint under 28 U.S.C. § 1332. Having reviewed the submissions of the parties and the relevant law, the Court finds that the motion should be denied and the case transferred to the United States District Court for the Western District of Texas.

**I.**     **Historical and Factual Background.**

Plaintiff, Maria Cruz (hereinafter "Ms. Cruz"), filed her complaint for medical malpractice on August 15, 2003 alleging a claim under 28 U.S.C. § 1332 against Charles Chang, M.D. (hereinafter "Dr. Chang") and Tenet Hospitals Limited (hereinafter "the Hospital").

Ms. Cruz alleges that she is and has been domiciled in Dona Ana County, New Mexico and that the Hospital is a limited partnership duly organized and existing under the laws of the State of Texas and Dr. Chang is a citizen of the State of Massachusetts. (Compl. ¶¶ 1-3) Ms. Cruz also alleges that the amount in controversy exceeds $75,000, exclusive of interest and cost. *Id.*

On December 20, 1999, Ms. Cruz was admitted into the Hospital where Dr. Chang performed

a microdiscectomy to treat her disc protrusion. During surgery, Ms. Cruz lost an abnormally large amount of blood. Ms. Cruz experienced abdominal pain and fainting spells after she regained consciousness from the surgical anesthesia. (Compl. ¶¶ 6-8) After the surgery, Ms. Cruz developed low blood pressure, which was not recognized nor treated for several hours. (Compl. ¶ 9)

On December 21, 1999, Ms. Cruz was informed, after a medical evaluation, that her right internal iliac artery was torn, which was later repaired by Dr. Kenneth Eisenberg. (Compl. ¶¶ 10-11) Ms. Cruz alleges that Dr. Chang was negligent in performing the microdiscectomy, and the nurses, employed by the Hospital, negligently failed to document their observations of her condition. (Compl. ¶¶ 12 & 13). Ms. Cruz further alleges that, as a result of this negligence, she sustained permanent physical injuries. (Compl. ¶¶ 14-22)

The Defendants, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, ask this Court to dismiss all of Ms. Cruz's claims for lack of personal jurisdiction. Ms. Cruz concedes that this Court does not have the requisite personal jurisdiction over the Defendants. Ms. Cruz requests that, instead of dismissing her complaint, this Court should transfer the above-styled cause of action to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1631.

## II.   Standard for Motion to Dismiss.

"To obtain personal jurisdiction over a non-resident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir.1995). The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts. *Id.* The plaintiff in a diversity action bears the burden of establishing personal jurisdiction over a non-resident defendant. *Soma Medical Intern. v.*

2

*Standard Chartered Bank*, 196 F.3d 1292 (10th Cir. 1999).

**III.   Analysis.**

Ms. Cruz argues that this Court should transfer the above-styled cause of action to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1631. Ms. Cruz claims, if this Court dismisses her complaint, she will be time-barred from re-filing her case. She asserts, under Texas law, the statute of limitations for filing a medical malpractice action by a minor is tolled until two years after his or her eighteenth birthday.

The Defendants argue that this Court should dismiss Ms. Cruz's cause of action and have her re-file it in the Western District of Texas. They claim it is not determined under Texas law whether Ms. Cruz's claim is time-barred. The Defendants also argue, if this Court transfers the case, they will not receive the benefit of the new tort reform legislation that went into effect on September 1, 2003. The Defendants claim trying their case without the benefit of the tort reform legislation could potentially expose them to an additional $500,000 in exemplary damages if a jury verdict is rendered against them.

Federal Statute 28 U.S.C. § 1631 gives a district court authority to cure a personal jurisdictional defect by transferring the cause of action to a district court with personal jurisdiction. *Ross v. Colorado Outward Bound School, Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987). There are essentially two requirements in order for a court to invoke § 1631: first, the federal court receiving the transfer could have entertained the action without any jurisdictional defects if it was filed there originally; and second, the transfer is in the interest of justice. *F.D.I.C. v. McGlamery*, 74 F.3d 218 (10th Cir. 1996). Here, the first *McGlamery* requirement weighs in favor of Ms. Cruz. The Defendants admit that Ms. Cruz could have originally filed her cause of action in the Western District of Texas. (Def.'s reply to Pl's Resp. to Def's Mot. to Dismiss 9)

3

As to the second interest of justice requirement, the Tenth Circuit has primarily focused on three factors. First, whether the cause of action would be time-barred if the case is dismissed and a new proceeding filed. *Haugh v. Booker*, 210 F.3d 1147 (10th Cir. 2000). Second, whether the original action was filed in good faith. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). Finally, a district court may appraise the consequences of a transfer by taking "a peek at the merits" to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed. *Haugh*, 210 F.3d at 1147.

The first factor militates in favor of Ms. Cruz. Texas law tolls the effect of the statute of limitations regarding medical malpractice claims for a period of two years beyond a minor's 18th birthday. *Weiner v. Wasson*, 900 S.W.2d 316 (Tex. 1995). The cause of action here was filed on August 15, 2003. Ms. Cruz had her eighteenth birthday August 22, 2001. Thus, Ms. Cruz is now time-barred from re-filing her cause of action in the United States District Court for the Western District of Texas. The Defendants' contention that Ms. Cruz could potentially avoid the statute of limitation pursuant to Article 4590i § 4.01 is not persuasive.

That the Defendants have not produced any evidence Ms. Cruz filed her cause of action in New Mexico in bad faith weighs against dismissal. The Defendants' argument that they have not been able to conduct adequate discovery because this Court has no jurisdiction over them is also not persuasive. Moreover, the Defendants' contention that, by requesting limited discovery on the issue of bad faith, they would have waived their defense of personal jurisdiction is against the greater weight of authority. Federal courts may grant limited discovery requests without requiring a party to waive a personal jurisdiction defense. *See Hansen v. Neumueller GmbH*, 163 F.R.D. 471 (D.Del. 1995).

Finally, "a peek at the merits" of Ms. Cruz's claim does not bode well for the Defendants.

4

Ms. Cruz alleges, with particularity, seven reasons why Dr. Chang negligently performed a microdiscectomy on her. The Defendants have not advanced any arguments as to why transferring her cause of action will waste judicial resources. The Defendants do not claim Ms. Cruz filed a frivolous lawsuit that, if transferred, would ultimately be dismissed. To the contrary, the Defendants assert, if this Court transfers the claim, they would risk additional tort liability, indirectly suggests that Ms. Cruz's claim may have some merit.

**IV.  Conclusion.**

Ms. Cruz could have originally filed her cause of action in the Western District of Texas. The interests of justice will be served by a transfer. The case would likely be time-barred if Ms. Cruz is required to re-file. There is no evidence the original filing was in bad faith and a transfer will not likely result in a waste of judicial resources. Accordingly, the Defendants' Motion to Dismiss should be denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motions to Dismiss (Doc. 4 & 5), filed on September 15, 2003 and September 19, 2003, respectively, are **DENIED.**

**IT IS FURTHER ORDERED** that the above-styled case be transferred to the United States District Court for the Western District of Texas.

_/s/ Robert Brack_
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**
